IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:23-cv-00241-DDD-KAS

JEFFREY BERNARD,

    Plaintiff,

v.

STATE OF VERMONT,

    Defendant.

## ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

United States Magistrate Judge Kathryn A. Starnella recommends that I grant Defendant State of Vermont's motion to dismiss on the basis of Eleventh Amendment immunity. Doc. 25. Plaintiff Jeffrey Bernard objects to that recommendation. Doc. 26. Mr. Bernard's objections are overruled, Magistrate Judge Starnella's recommendation is accepted and adopted, and this case is dismissed.

## STANDARD OF REVIEW

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real*

- 1 -

*Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

Because Mr. Bernard is not represented by an attorney, I construe his pleadings liberally, but I may not assume the role of advocate on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DISCUSSION

I have reviewed Mr. Bernard's complaint, Doc. 1; the State of Vermont's motion to dismiss and the response and reply thereto, Docs. 10, 12, 13; Magistrate Judge Starnella's recommendation and Mr. Bernard's objection thereto, Docs. 25, 26; the entire case file; and the applicable law.

Mr. Bernard brings claims against the Vermont Department of Taxes and the Vermont Department of Motor Vehicles, alleging his efforts to register a vehicle in Vermont were improperly rejected in 2020-21, and that Vermont improperly reversed his 2021 tax return requesting a refund. *See generally* Doc. 1. He appears to assert two claims for relief: (1) a harassment claim based on "systematic application of discriminatory practices"; and (2) a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. *Id.* at 5.

The Eleventh Amendment provides that the power of federal courts "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Eleventh Amendment immunity extends to state agencies functioning as an arm of the state. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). This suit was commenced in federal court against agencies of the State of Vermont by a citizen of the State of Colorado. Doc. 1 at 3-4. So it is barred by the Eleventh Amendment unless Congress has abrogated states' immunity or Vermont has waived its immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998). Neither is the case. *See Turlington v. Connor*, No. 21-CV-0142-CVE-CDL, 2021 WL 6051067, at *4 (N.D. Okla. Dec. 21, 2021) (RICO), *aff'd*, No. 22-5001, 2022 WL 4857025 (10th Cir. Oct. 4, 2022); *Richards v. State's Att'ys Office*, 40 F. Supp. 2d 534, 537-38 & n.3 (D. Vt. 1999) (torts).

Mr. Bernard presents no persuasive argument that Magistrate Judge Starnella's conclusion that the State of Vermont is immune from this suit in federal court is incorrect. The fact that a federal court could exercise federal-question jurisdiction over a RICO claim against a non-immune defendant does not change the fact that *this* defendant *is* immune from RICO claims brought in federal court. Nor does the fact that a federal court could exercise jurisdiction over a RICO claim in which a state or state agency is the *plaintiff* change the fact that a state is immune as a *defendant*, even if that seems like an unfair double-standard. Mr. Bernard's objections are overruled.

## CONCLUSION

It is **ORDERED** that:

Plaintiff's Objection to Court Order to Dismiss, **Doc. 26**, is **OVERRULED**;

The Recommendation of United States Magistrate Judge, **Doc. 25**, is **ACCEPTED** and **ADOPTED**;

Defendant's Motion to Dismiss, **Doc. 10**, is **GRANTED**, and the plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**;

Plaintiff's Motion for Summary Judgment, **Doc. 14**, and Defendant's Motion to Defer Briefing on Plaintiff's Motion for Summary Judgment, **Doc. 15**, are **DENIED AS MOOT**; and

The Clerk of Court is **DIRECTED** to close this case.

DATED: February 16, 2024         BY THE COURT:

                                                    _____
                                                    Daniel D. Domenico
                                                    United States District Judge